IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Cathy Watts,** | ) |
| Plaintiff, | ) C/A No. 3:04-22612-CMC-JRM |
| v. | ) OPINION AND ORDER |
| **William W. Womble, Sharon Turner, and and Joe Halbick,** | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se*, filed this employment discrimination action on October 15, 2004, alleging Defendants terminated her employment in violation of her First Amendment rights, conspired to injure her during the EEOC investigation and state grievance procedure, and that her termination violated the public policy of South Carolina. Defendants filed a motion for summary judgment on September 23, 2005. In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. The Magistrate Judge advised Plaintiff in an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the procedures and importance of responding to the motion for summary judgment and the possibility of dismissal of the case if no response was filed. When no response was filed by Plaintiff, the Magistrate Judge entered another order allowing Plaintiff an additional fifteen days to respond if she wished to continue the action. Plaintiff has filed no response to the motion. On January 13, 2006, Defendants filed a motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Magistrate Judge issued a second *Roseboro* order on February 6, 2006, again advising Plaintiff of the importance of filing a response. Plaintiff did not file a response to the motion to dismiss. The Magistrate Judge filed his Report and Recommendation on April 14, 2006, and the matter is now ready for a ruling.

This court is charged with making a *de novo* determination of any portion of the Report and

Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that Defendants' motions for summary judgment and to dismiss be granted. Plaintiff has filed no objections to the Report and the time for doing so has expired.

After reviewing the Complaint, the motions, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**IT IS HEREBY ORDERED** that Defendants' motions for summary judgment and to dismiss are **GRANTED** and this action is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED**.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 31, 2006

C:\temp\notesB0AA3C\04-22612 Watts v. Womble - no response - no objs - sj granted - dmb.wpd